# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JAMES PUDLOWSKI, LOUIS C. CROSS, III, GAIL HENRY, and STEVE HENRY<br><br>On behalf of themselves and all others similarly situated;<br><br>        Plaintiffs,<br><br>v.<br><br>THE ST. LOUIS RAMS, LLC.; THE ST. LOUIS RAMS PARTNERSHIP; and ITB FOOTBALL COMPANY, LLC.,<br><br>        Defendants. | **NOTICE OF REMOVAL** |

Defendants hereby remove to this Court the state court action described below, initiated by the filing of the petition contained in the state court file attached hereto as **Exhibit A**. Removal is proper under 28 U.S.C. §§ 1332(a) and 1441(a), because complete diversity exists and individual class members' claims exceed $75,000. Alternatively, removal is proper under the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441(a) and 1453, because this is a putative class action placing in controversy more than $5,000,000 and because there is minimal diversity between the parties under § 1332(d)(1).

## NATURE OF THE CASE

1.     Plaintiffs filed this lawsuit on January 13, 2016, in the Circuit Court for the City of St. Louis, Missouri's Twenty-Second Judicial Circuit. The first Defendant to be served in this matter was served on January 13, 2016. This Notice of Removal is filed within 30 days of that service date, as required by 28 U.S.C. § 1446(b).

2. Plaintiffs allege that they, and members of a putative class, are Missouri residents who "purchased tickets and/or concessions and/or merchandise from the Defendants." Pet. ¶¶ 1, 26.

3. Defendants are various entities currently or formerly associated with the former St. Louis Rams National Football League franchise, now known as the Los Angeles Rams. Plaintiffs' claims arise out of the Rams' NFL-approved move from St. Louis, Missouri to the Los Angeles, California, area.

4. Plaintiffs allege that Defendants' majority owner, E. Stanley Kroenke, and Chief Operating Officer, Kevin Demoff, previously made statements in various media outlets regarding the future location of the Rams. *Id.* ¶¶ 9-13. Plaintiffs maintain that these statements were "misleading" and claim that Defendants failed to "disclose their desire to move the Rams to Inglewood[,]" California. *Id.* ¶¶ 16, 25.

5. Plaintiffs further allege that "[i]n marketing and selling … tickets and merchandise to [Plaintiffs], Defendants made false promises in that they made statements or representations to [Plaintiffs] indicating that they would not lead the charge out of St. Louis, that their entire focus was on building a winner in and for St. Louis, and that they would attempt to do everything they could to keep the team in St. Louis." *Id.* ¶ 43.

6. Plaintiffs additionally claim that "Defendants never informed their customers of their intent to move the [Rams] to Inglewood [California] during the applicable time period." *Id.* ¶ 17.

7. Plaintiffs maintain that Defendants' alleged statements and purported omissions violate the Missouri Merchandising Practices Act, which prohibits "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or

omission of any material fact in connection with the sale or advertisement of any merchandise." *See id.* ¶¶ 36-46; Mo. Ann. Stat. § 407.020 (West 2016).

## BASES FOR REMOVAL

8. Removal of this action is appropriate for two independent reasons. First, removal is appropriate under 28 U.S.C. § 1332(a), because the amount in controversy for individual putative class members exceeds $75,000, and complete diversity exists for purposes of § 1332(a). Second, removal is also appropriate under the Class Action Fairness Act, and 28 U.S.C. § 1332(d) because this is a class action placing in excess of $5 million in controversy and there is at least minimal diversity between the parties.

9. Sections 1332(a) and 1333(d) provide independent bases for removal and the Court need not address CAFA removal once it determines that removal is appropriate under § 1332(a). However, in order to preserve a full record as to all bases for removal, Defendants set out the bases for removal under each section below.

### I.  THIS COURT HAS JURISDICTION UNDER § 1332(a).

10. Section 1332(a) of Title 28 vests a federal court with jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Both requirements of § 1332(a) are met here.

#### A.  Individual Class Members' Claims Exceed $75,000 in Value.

11. Here, many putative class members have individual claims exceeding $75,000. By way of example, a significant number of the 120 suites available for games played at the Edward Jones Dome ranged in price per game from $10,000 to $18,000 and included a wide range in the number of tickets with additional parking spaces. A single NFL season generally involved ten home games at the Edward Jones Dome. Thus, in any single season, many class members leasing a suite for the season paid $100,000 to $180,000 for the use of the suite.

3

Assuming the costs of tickets was $125 for each, 20 tickets to 10 games alone totaled $25,000 per season.

12.   Plaintiffs seek damages in amounts "equal to the cost of the tickets and/or merchandise purchased from the Defendants during the applicable period."  Pet. ¶ 46.  The putative class period extends from April 21, 2010 through January 4, 2016, or for five full NFL seasons.  *See id.* ¶ 26.  Thus, a significant number of class members for the class period will have claims, as pleaded by Plaintiffs, for tickets alone well in excess of $75,000.  Thus, the amount in controversy for these putative class members plainly exceeds $75,000.

13.   Although the Eighth Circuit has not addressed the issue, many federal courts have considered the claims of putative class members in evaluating federal jurisdiction under § 1332(a).  *See, e.g.*, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000) (remanding removed action for the district court to determine if unnamed putative class members had "good faith" claims exceeding the $75,000 jurisdictional limit); *Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005); *Chapman Funeral Home, Inc. v. Nat'l Linen Serv.*, 178 F. Supp. 2d 1247, 1255 (M.D. Ala. 2002) (following *Morrison* and holding that "this court has original jurisdiction in this case based on the amount in controversy claimed by two putative class members and has supplemental jurisdiction over the other plaintiffs' claims"); *In re Microsoft Corp. Antitrust Litig.*, No. CIV. JFM-05-1277, 2005 WL 3636795  (D. Md. Dec. 29, 2005).  As the District Court in *Microsoft* explained:

> to hold that jurisdiction can be based upon a named plaintiff's claim over $75,000 but not upon a potential claim over $75,000 held by a putative class member, provides a means for plaintiff's counsel to manipulate the judicial system and deprive a federal court of jurisdiction where the amount in controversy between some of the members of the class the plaintiff seeks to represent and the defendant clearly exceeds $75,000.

4

*Id.*[1]

### B. Plaintiffs and Defendants Are Citizens of Different States and Completely Diverse for Purposes of § 1332(a).

14. For purposes of § 1332(a), the citizenship of the Defendants – each an unincorporated association – is determined by reference to the citizenship of their members. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding "an LLC's citizenship is that of its members for diversity jurisdiction purposes"); *see also Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) ("Lind–Waldock is a limited liability company, which means that it is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC.").

15. Upon information and belief, each of the named plaintiffs is a citizen of Missouri.

16. The members of ITB Football Company, L.L.C. are Mr. Kroenke, a citizen of Wyoming, and KSF Football, Inc., a Delaware corporation with its principal place of business in Colorado. Thus, ITB Football Company, L.L.C. is diverse from the putative class.

17. The members of The St. Louis Rams, LLC are ITB Football Company, L.L.C. and KSE Football, LLC. KSE Football, LLC's sole member is Mr. Kroenke. Thus, The St. Louis Rams, LLC also is diverse from the putative class.

18. Although Plaintiffs have elected to separately sue The St. Louis Rams Partnership, that entity no longer exists. It was converted into The St. Louis Rams, LLC in or around September 2010, and therefore has its citizenship for purposes of § 1332(a).

19. The requirements of § 1332(a) are thus satisfied and removal is appropriate under 28 U.S.C. § 1441(a).

---

[1] Only one Circuit that has declined to consider putative class members' claims to establish the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001).

## II.     PLAINTIFFS' PETITION IS SUBJECT TO REMOVAL UNDER CAFA AND § 1332(d).

20.    28 U.S.C. § 1332(d), adopted pursuant to CAFA, provides that:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant ….

21.    Thus, CAFA provides for removal of any action that: (1) is a class action; (2) puts in controversy the "sum or value of $5,000,000"; and (3) includes any class member whose citizenship is different from any defendant.

### A.    This is a Class Action.

22.    This lawsuit is a class action as defined by CAFA under 28 U.S.C. § 1332. Section 1332(d)(1)(B) defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*. Plaintiffs bring their petition "on behalf of themselves and all others similarly situated," *see* Pet. p. 2 (preamble), and seek certification of a class of "[a]ll Missouri residents who purchased Rams tickets and/or merchandise and/or concessions …." *Id.* ¶ 26.  Thus, this action is brought on behalf of a class as defined by CAFA.[2]

### B.    The Amount in Controversy Exceeds $5,000,000.

23.    Plaintiffs purport to bring claims on behalf of "[a]ll Missouri residents who purchased Rams tickets and/or merchandise and/or concessions from the Defendants between

---

[2] Section 1332(d)(5) exempts class actions with less than 100 proposed class members from CAFA removal, a limitation not applicable here.

6

April 21, 2010 and January 4, 2016 ….." Pet. ¶ 26. Plaintiffs further maintain that the measure of their damages is "equal to the cost of the tickets and/or merchandise purchased from the Defendants" during the class period. *Id.* ¶ 46.

24.     During the period April 21, 2010 through January 4, 2016, Defendant The St. Louis Rams, LLC has sold in excess of $5 million in tickets and in excess of $5 million in concessions and merchandise, and in excess of $5 million of Rams season tickets have been sold to customers with Missouri addresses.

25.     Plaintiffs' claimed damages therefore plainly exceed $5,000,000, satisfying the jurisdictional minimum for CAFA removal.

### C.     The Parties Are Diverse.

26.     At the time this lawsuit was filed and as of the date of this Notice of Removal, the putative Plaintiff class, and the Defendants, each include individuals or entities with both Missouri and non-Missouri citizenship (for purposes of § 1332(d)), giving rise to "minimum diversity" sufficient for CAFA removal.

#### 1.     The Delaware Organization of Two Defendants Creates Diversity Sufficient for CAFA Removal.

27.     As an initial matter, at least some, but not all, members of the putative class of Plaintiffs are citizens of Missouri. Thus, if any Defendant is a citizen of any state other than Missouri, CAFA's requirement that "any member of [the] class of plaintiffs is a citizen of a State different from any defendant" will be satisfied.

28.     Here, The St. Louis Rams, LLC is a Delaware limited liability company and The St. Louis Rams Partnership is a former Delaware partnership.

29.     While other federal diversity rules (including those applicable to removal based on § 1332(a), as noted above) measure the citizenship of unincorporated associations – such as

7

limited liability companies and partnerships – by reference to the citizenship of their members, CAFA departs from that rule. *See SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 688-89 (E.D. Va. 2011) (noting CAFA's statutory deviation from the traditional rule). Instead, § 1332(d) follows the rule of citizenship applicable to corporations, deeming an unincorporated association a citizen of the state or states "where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. 1332(d).

30. Because both The St. Louis Rams, LLC and The St. Louis Rams Partnership were organized under the laws of the state of Delaware, each is a citizen of Delaware.

31. As a result, each Missouri citizen who is a member of the class "is a citizen of a State different from" both The St. Louis Rams, LLC and The St. Louis Rams Partnership. *See Fuller v. Home Depot Servs., LLC*, No. CIV.A.1:07CV1268 RLV, 2007 WL 2345257, at *2-*3 (N.D. Ga. Aug. 14, 2007) (accepting removal where a purported class of Georgia plaintiffs sued a Delaware LLC with its principal place of business in Georgia).[3]

32. Unlike § 1332(a), which requires "complete diversity," *see Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)*,* § 1332(d) provides that removal is appropriate where "any member of [the] class of plaintiffs is a citizen of a State *different from* any defendant[.]" Exclusive citizenship in Missouri (the citizenship of any natural person resident in Missouri with the intent to remain) is "different from" dual citizenship in which a corporate entity is a citizen of both Delaware and Missouri. *See Fuller*, 2007 WL 2345257, at *2-*3.[4]

---

[3] As noted above (¶ 17), The St. Louis Rams Partnership no longer exists and instead was converted into The St. Louis Rams, LLC.

[4] While the Eighth Circuit has not addressed the issue, Professor Martin Redish notes in *Moore's Federal Practice* that *Fuller* "makes perfect sense. If the statutory dictate that a corporation is a citizen of both its state of incorporation and the state in which it conducts its principal place of business is to be modified, Congress must do so expressly." *See* 15 *Moore's Federal Practice - Civil* § 102.26[b][i] (West 2016).

### 2. Foreign Plaintiffs Create Diversity Sufficient for CAFA Removal.

33. Plaintiffs' class definition also creates diversity, and therefore supports CAFA removal, for two reasons.

34. *First*, Plaintiffs define their class by reference to the Missouri *residency*, not the *citizenship*, of its members. *See* Pet. ¶ 1 ("Plaintiffs *reside* in St. Louis, Missouri.") (emphasis added); *id.* ¶ 26 (defining the proposed class as "[a]ll Missouri *residents* who purchased Rams tickets ….") (emphasis added).

35. As recognized in the Eighth Circuit and elsewhere, residency alone does not establish citizenship. To the contrary, citizenship requires physical presence (e.g., "residency") *plus* the intent to remain in the state indefinitely. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) ("The legal standard to determine citizenship is straightforward. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely."); *McCray v. Trueblue Inc.*, No. 4:12-CV-2352-JAR, 2013 WL 1352109, at *1 (E.D. Mo. Apr. 2, 2013) ("Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely."); *accord Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) ("Some of the factors considered by courts in determining citizenship for the purpose of diversity are where the person resides; where the person works; where the person votes; the States that issues the person's driver's license; where the person seeks medical treatment; where the person pays taxes; and what address the person lists as his address on various documents. *Residence, however, does not equate with citizenship.*") (internal citation omitted) (emphasis added).

36. Here, the class as alleged includes numerous non-citizen residents, including members of the military, students from other states, and resident foreign nationals, all of whom retain their former citizenship unless manifesting an intent to remain in Missouri indefinitely.

9

*See McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 164-65 (D. Mass. 2007) (noting a "reasonable probability" that a class of Massachusetts residents had at least one non-citizen); 15 Moore's Federal Practice - Civil § 102.37[11] (West 2016) ("Military personnel who reside in a state on military assignment but do not manifest an intent to abandon their former domicile continue to be deemed citizens of their former domicile."); 15 Moore's Federal Practice - Civil § 102.37[6] (same as to students).

37.     Each of these non-citizen Missouri residents is a citizen of another state (or foreign country) and each therefore is of diverse citizenship as compared to Defendant ITB Football Company, LLC, a Missouri LLC with its principal place of business in Missouri.

38.     For example, the Rams have sold tickets or merchandise to hundreds of military personnel, including members of the military stationed at Fort Leonard Wood and Whiteman Air Force Base.  Base records at Fort Leonard Wood indicate that the majority of base personnel, and their family members, are eligible for absentee ballots in federal elections precisely because these Missouri residents are not Missouri citizens.[5]

39.     **Second**, Plaintiffs' class includes not just current Missouri residents (who may or may not be citizens of Missouri), but also former residents who have moved to other states (at least some of whom have established foreign citizenship).

40.     In particular, Plaintiffs seek to represent a class of all Missouri residents who purchased tickets, concessions, or merchandise between 2010 and 2015.  *See* Pet. ¶ 1 ("Plaintiffs bring this action on behalf of themselves and on behalf of the class of all Missouri residents who purchased tickets and/or concessions and/or merchandise from the Defendants between 2010 and

---

[5]*See* Guidon, http://www.myguidon.com/index.php?option=com_content&task=view&id =17389&Itemid=39 ("The majority of our Soldiers and their eligible Family members, by being stationed somewhere other than their state of legal residence, will need to vote absentee to participate in the elections.") (last visited Feb. 10, 2016).

2015 ('Class Plaintiffs')."); *id.* ¶ 26 (defining the proposed class as "residents who purchased [tickets, merchandise, or concessions] between April 21, 2010 and January 4, 2016").

41. Not all Missouri residents who purchased tickets, merchandise, or concessions between April 21, 2010 and January 4, 2016, remain Missouri residents now, however.

42. To the contrary, in reviewing change of address requests for purchasers of Rams tickets, Defendants have determined that *hundreds* of former Missouri residents have requested address changes during the period in controversy, reflecting moves from Missouri addresses to addresses in foreign states.

43. Each of these ticket purchasers purchased tickets during the class period while residing in Missouri, thus meeting the class definition. However, each then moved away from Missouri, establishing residences and – in a least some cases, citizenship – in foreign states, thus creating additional diversity. *See Altimore*, 420 F.3d at 768 ("Whether diversity of citizenship exists is determined at the time the suit is filed-not when the cause of action arose.").

**D.     PLAINTIFFS HAVE THE BURDEN OF PROVING A CAFA EXCEPTION.**

44. Because Defendants have demonstrated that the requirements of 28 U.S.C. § 1332(d), have been met, removal is appropriate. Plaintiffs now have the burden of demonstrating that a CAFA exception applies in the event they seek remand of this action to the state court. *See Westerfeld v. Indep. Processing*, LLC, 621 F.3d 819, 822 (8th Cir. 2010) ("Once CAFA's initial jurisdictional requirements have been established by the party seeking removal, however, the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies."); *accord Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("Consistent with the plain language of the statute and this well-established rule, we conclude that although the removing party bears the initial burden of establishing federal

jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)."); *see also* 15 Moore's Federal Practice - Civil § 102.21[3][b] (West 2016).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court exercise jurisdiction over this action, as mandated by 28 U.S.C. §§ 1332(a), 1332(d), 1441(a), and 1453. Defendants intend no admission of liability by this Notice and expressly reserve all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiffs' pleadings and to the propriety of class certification.

Dated: February 11, 2016                             Respectfully Submitted,

                                                    DENTONS US LLP

                                                    By: */s/ Roger K. Heidenreich*
                                                        Roger K. Heidenreich, #40898MO
                                                        Elizabeth Teutenberg Ferrick, #52241MO
                                                        Amy E. Sestric, #66219MO
                                                        One Metropolitan Square
                                                        211 N. Broadway
                                                        Suite 3000
                                                        St. Louis, MO 63102-2741
                                                        Telephone:  (314) 241-1800
                                                        Facsimile:  (314) 259-5959
                                                        roger.heidenreich@dentons.com
                                                        elizabeth.ferrick@dentons.com
                                                        amy.sestric@dentons.com

                                                    *Attorneys for The St. Louis Rams, LLC, The St. Louis Rams Partnership, and ITB Football Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following, and a copy of the foregoing was also served via U.S. mail to:

Steven J. Stolze
Holland Law Firm
300 N. Tucker
Suite 801
St. Louis, Missouri 63101
*Attorney for Plaintiffs*

                                        */s/ Amy E. Sestric*