**1622-CC00083**

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MO
### 22ND JUDICIAL CIRCUIT

JAMES PUDLOWSKI,
LOUIS C. CROSS, III,
GAIL HENRY, and
STEVE HENRY

On behalf of themselves and all others similarly
situated;                                                   )
                                                            )
                    Plaintiffs,                             )
                                                            )
    v.                                                      )        Case No.
                                                            )
THE ST. LOUIS RAMS, LLC.,                                   )        Division No.
                                                            )
Serve at:                                                   )
Alan Bornstein
One Metropolitan Square, Suite 3000
St. Louis, MO 63102

And

THE ST. LOUIS RAMS
PARTNERSHIP;

Serve at:
One Rams Way
St. Louis, MO 63054

And

ITB FOOTBALL COMPANY, LLC.;

Serve at:
SNR Missouri Registered Agent
One Metropolitan Square, Suite 3000
St. Louis, MO 63102

                    Defendants.

1

**EXHIBIT**

A

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

## PETITION

Plaintiffs bring this action against Defendants on behalf of themselves and all others similarly situated. For their complaint Plaintiffs, on behalf of themselves and all others similarly situated, and upon information and belief, allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs reside in St. Louis, Missouri. On numerous occasions between 2010 and 2015 Plaintiffs purchased tickets and/or concessions and/or merchandise from the Defendants. These transactions took place in the City of St. Louis. Plaintiffs bring this action on behalf of themselves and on behalf of the class of all Missouri residents who purchased tickets and/or concessions and/or merchandise from the Defendants between 2010 and 2015 ("Class Plaintiffs").

2.    Defendant The St. Louis Rams, LLC. is a corporation, incorporated under the laws of the State of Delaware and maintaining its principal place of business in the State of Missouri.

3.    Defendant The St. Louis Rams Partnership is a Delaware partnership with its principal place of business located in the State of Missouri.

4.    The merchandise in issue was purchased by Named Plaintiffs and Class Plaintiffs in the State of Missouri.

5.    Federal diversity jurisdiction does not exist as there is no diversity of citizenship.

6.    Jurisdiction and venue are proper in this Court.

2

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. This action involves the sales and marketing of tickets, concessions and merchandise by the Defendants between the years 2010 and 2015.

8. In 1995 Stan Kroenke purchased a minority interest in the St Louis Rams from owner Georgia Frontiere. Frontiere passed away in 2008, leaving her 60% share in the team to her children. In 2009 her children offered their 60% controlling interest for sale. Businessman Shahid Khan made a bid to purchase these shares, but in April, 2010 Stan Kroenke exercised an option he held to match Khan's bid. At that time Kroenke purchased 30% of the childrens' share, giving him 70% and controlling interest in the team. He further agreed to purchase their remaining 30% share at a later date. In August of 2010, the NFL approved the sale and it became final.

9. On April 21, 2010 Kroenke gave a rare interview to the St. Louis Post-Dispatch, the leading newspaper in the region, to discuss his purchase of controlling interest in the team and to reassure Rams fans of his positive intentions.

10. In the interview Kroenke stated:

"It's not our desire to ever lead the charge out of St. Louis. So if that's sort of the implication, that's not why we're here. We're here to work hard and be very successful in St. Louis."

"I'm going to attempt to do everything I can to keep the Rams in St. Louis. Just as I did everything I could to bring the team to St. Louis in 1995. I believe my actions speak for themselves. There's a track record, I've always stepped up for pro football in St. Louis. And I'm stepping up one more time."

In response to the perception that he'd work against St. Louis, or that he'd scheme to move the Rams back to Los Angeles, he stated:

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

"I'm born and raised in Missouri. I've been a Missourian for 60 years. People in our state know me. People know I can be trusted. People know I'm an honorable guy. I'll do my damnedest" to secure the Rams' future in St. Louis.

11.   On January 4, 2012, Rams COO Kevin Demoff gave a radio interview to Tim McKernan, host of one of the leading sports radio shows in the region and in discussing any possible relocation of the team stated as follows: "Our entire focus is on building a winner in and for St. Louis."

As to declining attendance at the end of the Rams 2-14 campaign that season he said:

"Especially after the magical run the Cardinals had where you see a World Series and then you come back and you really struggle, I think fans have a right to check out and be disappointed. And the truth is when you go 2-14 you're going to lose attendance and the fans are going to check out. I think they will come back with great enthusiasm."

He further said:

"You get the right guy and I know the fans will show up. The city has a great passion for football. You only have to look back to August and September when we were doubling the Cardinals ratings on television for (Rams) preseason games and the Edward Jones Dome was electric against Philadelphia. These fans are starving for a winner and we haven't given it to them. That's our fault and we'll do our job and get that fixed."

Despite the teams record setting futility on the field, Demoff noted:

"We had the highest season ticket renewal rate in a decade this year and the most new season tickets ever sold in St. Louis since the team arrived".

4

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

12.    In 2012 on the team website Demoff stated:

"If we do our job right, I have no doubt that the Edward Jones Dome will be 66,000 loud and strong and there will be no doubts about St. Louis as a great NFL market.  We haven't done our job right over the past few years and I promise you we will get it right."

"…Stan has been emphatic on this point: He didn't lead the charge to bring the Rams back to St. Louis to lead the charge out of St. Louis….  Our goal is to build a winner in St. Louis not only in 2012, but in 2022, 2032 and beyond.  This city deserves better NFL football and that is what we are focused on every day."

13.    In February 2014, after Kroenke's purchase of the Inglewood property Demoff gave an interview on the Rams's St. Louis flagship ESPN radio station and when asked about the Rams long term future stated:

"I expect it will be right here in St. Louis."

14.    Defendants did in fact "lead the charge" out of St. Louis, yet Defendants never informed their ticket and merchandise buyers or corrected the previous statements.

15.    As early as 2013 and possibly before, Kroenke began targeting acquisition of the Inglewood, CA stadium site.

16.    Even after acquiring the Inglewood property in January 2014 (at the latest),  Defendants did not disclose their desire to move the Rams to Inglewood.

17.    Defendants never informed their customers of their intent to move the team to Inglewood during the applicable time period.  Their first public acknowledgement of this fact was on January 4, 2016 when Defendants filed the application to relocate the St. Louis Rams to Inglewood.

18.    Defendants' relocation application demonstrates their desire to "lead the charge" out of St. Louis.

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

19.   In their relocation proposal filed with the NFL, Defendants made the following statements:

-St. Louis lags, and will continue to lag, far behind in the economic drivers that are necessary for sustained

success of an NFL franchise;

-Compared to all other U.S. cities (emphasis added), St. Louis is struggling;

-St. Louis is not a three team professional team market;

-The Rams division will benefit from having shorter distances to travel to away games;

-San Diego, Oakland and Los Angeles are substantially stronger markets that St. Louis.

Defendants knew or should have known of all of these "facts" at the time of all their previous representations

regarding the future of the Rams in St. Louis.

20.   According to the Mayor of the City of St. Louis the Rams relocation application contained "multiple

inaccuracies and misrepresentations of St. Louis and our community's relationship with the Rams."

21.   The Mayor wrote "The notion that the Rams put forth consistent efforts to negotiate a solution

to their stadium situation dating back to 2002 was most disturbing. I have been Mayor of St.

Louis since then and I – to this day – cannot ever remember meeting Stan Kroenke, much less

engaging with him in any conversations about the future of NFL football in St. Louis. It's not

for lack of trying."

22.   As to Defendants' disparaging remarks about the economic viability of St. Louis the Mayor wrote:

"St. Louis is one of the largest economies in the country, hosting the headquarters of six of Americas

largest private companies, 19 Fortune 1000 headquarters and ranking as the 20th largest U.S. metro

area both for total employment and total personal income."

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

23.    Even Forbes magazine commented on the aggressive nature of Defendants' relocation application in an article headlined "Stan Kroenke's Bad Relocation Math." In the article Forbes notes that Defendants' use of total personal income to disqualify St. Louis was "odd" and went on to illustrate that St. Louis' economy was stronger than that of Pittsburgh, a three team NFL city.

24.    Named plaintiffs and members of the proposed class have suffered an ascertainable loss of money.

25.    Named Plaintiffs and Class Plaintiffs were unaware of the misleading nature of the Defendants' statements and/or omissions until on or about January 4, 2016.

## CLASS ALLEGATIONS

26.    Named Plaintiffs seek to bring this case as a state-wide class action, under Missouri law, on behalf of themselves and all others similarly situated in the State of Missouri as members of a proposed class, defined as follows:

> All Missouri residents who purchased Rams tickets and/or merchandise and/or concessions from the Defendants between April 21, 2010 and January 4, 2016, in the State of Missouri for personal, family or household purposes.
>
> Excluded from the class are Named Plaintiffs' counsel and their agents. Also excluded from the class are Defendants and any entity in which Defendants have a controlling interest, and Defendant's legal representatives, heirs and successors.

### Numerosity

27.    The proposed class consists of tens of thousands members and is so numerous that joinder of all of its members is impractical. While the exact number of class members is unknown to Plaintiffs at the present time, Plaintiffs believe the members of the class to be so numerous and geographically disbursed as to render joinder of all class members in this action impractical.

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

28.     Many class members may be identified by records readily available from

Defendants.  Supplemental notice may be provided (if deemed necessary

by this Court) by means of published notice.

## Common Questions of Law and Fact

29.  There are questions of law and fact arising in this action which are common to Named Plaintiff and

all potential members of the class including, but not limited to:

  a.     Whether Defendants violated the Merchandising Practices Act by any deception, fraud,

  false pretense, false promise, misrepresentation, unfair practice or the

  concealment, suppression, or omission of any material fact in connection with

  the sale or advertisement of their tickets and/or merchandise in Missouri to

  Named Plaintiffs and members of the class; and

  b.     The class-wide measure of damages.

## Typicality

30.     The claims of Named Plaintiffs are typical of the claims of the members of the class. Named

Plaintiffs and members of the class each purchased tickets and/or merchandise from the

Defendants during the prescribed time period. Named Plaintiffs and members of the class each

were the subject of similar representations and omissions regarding the future of the Rams in St.

Louis.  Named Plaintiffs and members of the class suffered the same type of damages, loss of money

spent on the purchase of tickets.

8

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

## Adequacy of Representation

31. Named Plaintiffs will fairly and adequately represent the interests of the members of the class. Named Plaintiff have retained counsel who are competent and experienced in class action and complex litigation. Named Plaintiffs have no interests which are adverse to or in conflict with other members of the class.

## Superiority

32. The common questions of law and fact arising in this action predominate over any questions solely affecting individual class members. Specifically, the core facts of the claim are common to Named Plaintiffs and all class members and Named Plaintiffs and all class members will be pursuing the same legal theories based upon these core facts. More generally, the factual and legal issues concerning the scope and effect of Defendants' conduct alleged herein are:

   a. Central to the claims of Named Plaintiffs and all class members;

   b. Substantially identical with respect to the burden of demonstrating liability; and

   c. Consist of the most important and fundamental issues to be determined at trial.

33. The class action mechanism is superior to any alternatives that might exist for the fair and effective adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Named Plaintiff and other

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

34. members of the class, with relatively small individual claims, can effectively litigate against a large, well- represented corporate entity such as Nissan. Numerous, repetitive individual actions would also place an enormous burden on the Missouri Courts as they are forced to review duplicative evidence and repeatedly decide over the same issues relating to the conduct of Defendants.

35. There are no unusual difficulties likely to be encountered in the management of this case as a class action and Named Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action under the state common law and statutory claims.


## COUNT I -VIOLATION OF THE MERCHANDISING PRACTICES ACT

36. Named Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

37. Named Plaintiffs, Class Plaintiffs and Defendants are all "person[s]" for purposes of the Merchandising Practices Act ("MPA"). RS.Mo. § 407.010, et seq.

38. The Subject tickets and/or merchandise are "merchandise" for purposes of the MPA.

39. Named Plaintiffs and Class Plaintiffs purchased the Subject merchandise for personal, family or household purposes.

40. Pursuant to the MPA, it is unlawful for a person to use "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact" in connection with the sale of merchandise in the State of Missouri. Such acts are unlawful whether committed before, during or after the sale, advertisement or solicitation in question.

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

41. Pursuant to the MPA, any person who purchases merchandise for personal, family or household purposes, and suffers an ascertainable loss of money as a result of the use of unlawful acts in connection with such sale, may bring a civil action to recover actual and punitive damages from the person that committed the unlawful act.

42. In marketing and selling the Subject tickets and merchandise and concessions to Named Plaintiffs and Class Plaintiffs, Defendants engaged in deception in that they conveyed information to Named Plaintiff and Class Plaintiffs regarding the future location of the Rams that had the tendency or capacity to mislead or deceive Named Plaintiffs and Class Plaintiffs and that created a false impression regarding the future location of the Rams.

43. In marketing and selling the Subject tickets and merchandise to Named Plaintiff and Class Plaintiffs, Defendants made false promises in that they made statements or representations to Named Plaintiff and Class Plaintiffs indicating that they would not lead the charge out of St. Louis, that their entire focus was on building a winner in and for St. Louis, that they would attempt to do everything they could to keep the team in St. Louis.

44. In marketing and selling the Subject tickets and/or merchandise to Named Plaintiff and Class Plaintiffs, Defendants engaged in misrepresentation in that they omitted material facts that were necessary in order to make the statements that they made to Named Plaintiff and Class Plaintiffs not misleading.

45. In marketing and selling the Subject tickets and/or merchandise to Named Plaintiffs and Class Plaintiffs, Defendants have omitted material facts in that they has failed to inform Named Plaintiffs and Class Plaintiffs of their intention and desire to move the team to Inglewood.

11

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

46.    The violations of the MPA alleged herein have caused injury to Named Plaintiffs and Class Plaintiffs in that Named Plaintiffs and Class Plaintiffs were induced, as a result of these violations, to purchase the Subject tickets and/or merchandise, or to pay more for the Subject tickets and/or merchandise, when they would not otherwise have done so. Named Plaintiffs and Class Plaintiffs have suffered a loss equal to the cost of the tickets and/or merchandise purchased from the Defendants during the applicable time period.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray this Court enter judgment Against Defendants and in favor of Named Plaintiff and Class Plaintiffs, and award the following relief:

a.    Certifying this action as a state-wide class action under Missouri law, pursuant to Missouri Rule of Civil Procedure 52.08 and R.S.Mo. §407.025;

b.    Awarding each Named Plaintiff and each Class Plaintiff compensatory damages for the acts complained of herein;

c.    Awarding Named Plaintiff compensatory damages for his efforts on behalf of the class;

d.    Awarding Named Plaintiff and Class Plaintiffs costs and attorneys' fees against Defendant, as allowed by law, and/or awarding counsel for the class attorneys' fees; and

e.    Granting such other and further relief as may be appropriate under the circumstances.

Electronically Filed - City of St. Louis - January 13, 2016 - 09:29 AM

Respectfully submitted:


/s/ Steven J. Stolze
Missouri Bar # 39795
stevenstolze@yahoo.com
314-640-7550
Holland Law Firm, of counsel
300 N. Tucker, Suite 800
St. Louis, MO 63102


**ATTORNEY FOR PLAINTIFFS**



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC00083 | Process Server 1 |
| Plaintiff/Petitioner:<br>JAMES PUDLOWSKI | Plaintiff's/Petitioner's Attorney/Address<br>STEVEN JOSEPH STOLZE<br>300 N TUCKER<br>SUITE 801<br>ST LOUIS, MO 63101 | Process Server 2 |
| vs. | | Process Server 2 |
| Defendant/Respondent:<br>ST LOUIS RAMS PARTNERSHIP | Court Address:<br>CIVIL COURTS BUILDING | |
| Nature of Suit:<br>CC Other Tort | 10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ST LOUIS RAMS PARTNERSHIP
Alias:

ALAN BORSTEIN
ONE METROPOLITAN SQUARE
SUITE 3000
SAINT LOUIS, MO 63102

**SHERIFF'S FEE PAID**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**JANUARY 13, 2016**
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____              _____
                                    Date                              Notary Public

**Sheriff's Fees, if applicable**

| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1622-CC00083 | Process Server 1 |
| Plaintiff/Petitioner:<br>JAMES PUDLOWSKI<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>STEVEN JOSEPH STOLZE<br>300 N TUCKER<br>SUITE 801<br>ST LOUIS, MO  63101 | Process Server 2 |
| | | Process Server 2 |
| Defendant/Respondent:<br>ST LOUIS RAMS PARTNERSHIP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  THE ST LOUIS RAMS PARTNERSHIP
                     Alias:

ONE RAMS WAY
ST LOUIS, MO  63054



**COURT SEAL OF**

**CITY OF ST LOUIS**

**ST LOUIS COUNTY SHERIFF**

         You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**JANUARY 13, 2016**
Date

*Thomas Kloppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
       Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

                 Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*           Subscribed and sworn to before me on _____ (date).

           My commission expires: _____        _____
                                   Date                            Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1622-CC00083 | | Process Server 1 |
|---|---|---|---|
| Plaintiff/Petitioner:<br>JAMES PUDLOWSKI | Plaintiff's/Petitioner's Attorney/Address<br>STEVEN JOSEPH STOLZE<br>300 N TUCKER<br>SUITE 801<br>ST LOUIS, MO  63101 | | Process Server 2 |
| | | | Process Server 2 |
| Defendant/Respondent:<br>ST LOUIS RAMS PARTNERSHIP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | | |
| Nature of Suit:<br>CC Other Tort | | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  ITB FOOTBALL COMPANY LLC | |
|---|---|
| Alias:<br>SNR MISSOURI REGISTERED AGENT<br>ONE METROPOLITAN SQUARE<br>SUITE 3000<br>SAINT LOUIS, MO  63102 | |

*COURT SEAL OF*

*CITY OF ST LOUIS*

**SHERIFF'S FEE PAID**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**JANUARY 13, 2016**
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ ._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC00083 | Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>JAMES PUDLOWSKI | Plaintiff's/Petitioner's Attorney/Address<br>STEVEN JOSEPH STOLZE<br>300 N TUCKER<br>SUITE 801<br>ST LOUIS, MO 63101 | Process Server 2 |
| vs. | | Process Server 2 |
| Defendant/Respondent:<br>THE ST LOUIS RAMS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   THE ST LOUIS RAMS LLC
                             Alias:

C/O ALAN BORSTEIN
ONE METROPOLITAN SQUARE
SUITE 3000
SAINT LOUIS, MO 63102

**SHERIFF'S FEE PAID**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**FEBRUARY 11, 2016**
Date

*Thomas Kloeppinger*

Thomas Kloeppinger
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                        Date                Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____ miles @ $ . _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.