# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES PUDLOWSKI, LOUIS C. CROSS, III, GAIL HENRY, and STEVE HENRY, on Behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ST. LOUIS RAMS, LLC, THE ST. LOUIS RAMS PARTNERSHIP, and ITB FOOTBALL COMPANY, LLC,<br><br>    Defendants. | No. 4:16-CV-189 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion and Memorandum in Support of Remand (ECF No. 27). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

Under CAFA, federal district courts have original jurisdiction over class actions where there is 1) minimal diversity of citizenship among the parties; 2) there are at least 100 class

members; and 3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5); *Hargis v. Access Capital Funding, LLC.*, 674 F.3d 783, 788–89 (8th Cir.2012); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir.2010); *Boegeman v. Bank Star*, 2012 WL 4793739, *2 (E.D.Mo. October 9, 2012). A defendant seeking to remove on CAFA grounds must establish by a preponderance of the evidence each of the three (3) jurisdictional elements. *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1071 (8th Cir.2012); *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir.2009); *Hewitt II v. Gerber Products Co.*, 2012 WL 5410753, *7 (W.D.Ark. November 6, 2012). If the removing party meets this burden, then the party seeking remand must establish to a legal certainty that the requirements for CAFA jurisdiction have not been met. *Rolwing*, at 1069 *citing Bell*, at 959.

## BACKGROUND

Plaintiffs claim that Defendants mislead them regarding the future location of the Trams, which caused Plaintiffs to purchase tickets, merchandise and concessions based upon Defendants' false promises. In their original Petition (ECF No. 7), Plaintiffs purport to represent the following class:

> All Missouri residents who purchased Rams tickets and/or merchandise and/or concession from Defendants between April 21, 2010 and January 4, 2016, in the State of Missouri for personal, family or household purposes.
> Excluded from the class are Named Plaintiffs' counsel and their agents. Also excluded from the class are Defendants and any entity in which Defendants have a controlling interest, and Defendant's legal representatives, heirs and successors.

(Petition, ¶26). Plaintiffs purport to allege a claim for Violation of the Merchandising Practices Act (Count I).

The putative class in the First Amended Complaint ("FAC"), ECF No. 26, is defined as:

> All Missouri residents who were Missouri citizens and remained Missouri citizens when this actions was commenced who purchased Rams tickets and/or

merchandise and/or concessions between April 21, 2010 and January 4, 2016, in the State of Missouri for personal, family or household purposes. ...

(FAC, ¶34).

## DISCUSSION

In the Notice of Removal, Defendants argue that there is minimal diversity under CAFA. Defendants first note that the named plaintiffs are citizens of Missouri. Defendants states that the members of the ITB Football Company, L.L.C. are Mr. Kroenke, a citizen of Wyoming, and KSF Football, Inc., a Delaware corporation with its principal place of business in Colorado. The members of The St. Louis Rams, LLC are ITB Football Company, L.L.C. and KSE Football, LLC. KSE Football, LLC's sole member is Mr. Kroenke. Defendants maintain that The St. Louis Rams Partnership no longer exists and it was converted into The St. Louis Rams, LLC.

Plaintiffs argue that Defendants have not demonstrated that minimal diversity exists. (ECF No. 36 at 2). Plaintiffs contend that The St. Louis Rams has its principal place of business in Missouri. Plaintiffs assert that, as an LLC, The St. Louis Rams has the citizenship of every state of which any member is a citizen. Plaintiffs contend that Mr. Kroenke is a member of the LLCs that comprise The St. Louis Rams and the Court must consider Mr. Kroenke's citizenship when determining whether complete diversity exists between the parties for purposes of Section 1332(a). Plaintiffs provide various support for their claim that Mr. Kroenke is a Missouri citizen, particularly his driver's license and voter registration. (ECF No. 27 at 4). Plaintiffs state that Defendants have provided no evidence of a specific putative class member who is diverse from Defendants. (ECF No. 36 at 2). Plaintiffs assert that Defendants have argued that they are dual citizen of both Missouri (principal place of business) and Delaware (State of incorporation) and that they must be diverse from the plaintiffs who are Missouri citizens based upon Defendants'

Delaware citizenship. (ECF No. 36 at 2). Plaintiffs further provide that Defendants contend that "hundreds of former Missouri residents have requested address changes to foreign states." (ECF No. 36 at 2). Plaintiffs assert that Defendants' unsubstantiated statement about requests for address changes does not establish the citizenship of any putative class member. (ECF No. 36 at 2). Accordingly, Plaintiffs maintain that Defendants have not met their burden of provide minimal diversity under §1332(d) and this case must be remanded.

Defendants argue that minimal diversity under CAFA exists in this case. (ECF No. 43 at 2-3). The St. Louis Rams, LLC is a Delaware limited liability company with its principal place of business in Missouri at the time of removal. The St. Louis Rams Partnership is a former Delaware partnership that had its principal place of business in Missouri. ITB Football Company, LLC is a Missouri limited liability company with its principal place of business in Missouri. Thus, Defendants claim that each Defendant is a citizen of Missouri, Delaware or both. (ECF No. 43 at 3).

Defendants further state that they have provided affirmative evidence of minimal diversity through declarations from two putative class members. (ECF No. 43 at 4-5). These putative class members declare that they were Missouri residents and made Rams-related purchases during the relevant time period, but subsequently moved out of state to Connecticut and Florida. Therefore, Defendants claim that they have demonstrated that "at least one plaintiff and one defendant are citizens of different states." (ECF No. 43 at 5 (citing *Downing v. Riceland Foods, Inc.*, 298 F.R.D. 587, 590 (E.D. Mo. 2014)).

"For jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court,' *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349, 185

L. Ed. 2d 439 (2013). "[T]he Court is bound to consider only jurisdictional facts present at the time of removal, and not those occurring subsequently." *City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013) (citing *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1077 (8th Cir. 2012)). "Furthermore, the enactment of CAFA did not alter the traditional rule that the plaintiff is the 'master of the complaint,' and as such, jurisdictional facts must be considered in light of the allegations as contained in the plaintiff's complaint at the time of removal." *City of O'Fallon, Mo.*, 930 F. Supp. 2d at, 1039 (citing *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789-90 (8th Cir. 2012); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The Court holds that Defendants have not met their burden to demonstrate that minimal diversity under CAFA exists in this case. Defendants in this action are several LLCs, whose citizenship ultimately comes down to the citizenship of Mr. Kroenke. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members). The Eighth Circuit has provided guidance to determine the citizenship of an individual:

> For purposes of diversity jurisdiction, the terms "domicile" and "citizenship" are synonymous. *Rodriguez–Diaz v. Sierra–Martinez*, 853 F.2d 1027, 1029 (1st Cir.1988); C. Wright, A. Miller & E. Cooper, 13B *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely. *Blakemore*, 789 F.2d at 618; J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, 1 *Moore's Federal Practice* ¶ 0.74[3.–1] (1990). Intention to remain there permanently, however, is not necessary. *Blakemore*, 789 F.2d at 618. Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile. C. Wright, A. Miller & E. Cooper, *supra*, § 3612, at 535.

*Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). The Court's review of the record reveals that Defendants have failed to establish by a preponderance of the evidence that Mr. Kroenke was

domiciled outside Missouri at the time of removal of this action and there is no significant evidence to the contrary. Other than Defendants' bald assertion that Mr. Kroenke is a citizen of Wyoming (ECF No. 1, ¶16), there is no evidence that controverts that he is a citizen of Missouri. In contrast, Plaintiffs have provided evidence that Mr. Kroenke resides in Missouri, including his voter registration and Missouri driver's license.

In addition, Defendants rely on the statements of two putative class members who claim to have moved from Missouri to Florida and Connecticut. The Court declines to consider these post-removal affidavits of individuals who purport to be class members. These affidavits were executed on May 4 and May 5, 2016, which was after removal and after the filing of the Amended Complaint. The Court's inquiry is limited to the case at the time of removal, and these affidavits were not included as part of the Notice of Removal or known to the Court that time. Therefore, the Court declines to consider them in support of Defendants' position.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion and Memorandum in Support of Remand (ECF No. 27) is **GRANTED**. This matter shall be remanded to the Circuit Court of the City of St. Louis, State of Missouri for further proceedings. An Order of Remand will be filed herewith.

Dated this _12_th day of May, 2016.

						  _Ronnie L. White_
						  **RONNIE L. WHITE**
						  **UNITED STATES DISTRICT JUDGE**

---

[1] Furthermore, although it is not relevant to the remand motion before the Court, it is clear that these individuals are not members of the current class proposed by Plaintiffs. *See* ECF No. 26.