UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES PUDLOWSKI, LOUIS C. CROSS, III, GAIL HENRY, and STEVE HENRY, on Behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ST. LOUIS RAMS, LLC, THE ST. LOUIS RAMS PARTNERSHIP, and ITB FOOTBALL COMPANY, LLC,<br><br>Defendants. | Case No. 4:16-CV-189-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion and Memorandum in Support of Remand (ECF No. 27). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a).

Under CAFA, federal district courts have original jurisdiction over class actions where there is 1) minimal diversity of citizenship among the parties; 2) there are at least 100 class members; and 3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5);

*Hargis v. Access Capital Funding, LLC.,* 674 F.3d 783, 788–89 (8th Cir. 2012); *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010); *Boegeman v. Bank Star,* 2012 WL 4793739, *2 (E.D.Mo. Oct. 9, 2012). Minimal diversity means that "any class member and any defendant are citizens of different states." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). A defendant seeking to remove on CAFA grounds must establish by a preponderance of the evidence each of the three (3) jurisdictional elements. *Rolwing v. Nestle Holdings, Inc.,* 666 F.3d 1069, 1071 (8th Cir.2012); *Bell v. Hershey Co.,* 557 F.3d 953, 957 (8th Cir.2009); *Hewitt II v. Gerber Products Co.,* 2012 WL 5410753, *7 (W.D. Ark. November 6, 2012). If the removing party meets this burden, then the party seeking remand must establish to a legal certainty that the requirements for CAFA jurisdiction have not been met. *Rolwing,* at 1069 *citing Bell,* at 959.

## BACKGROUND

Plaintiffs filed their original Petition (ECF No. 7) in state court on or around January 13, 2016. Plaintiffs claim that Defendants misled them regarding the future location of the Rams, which caused Plaintiffs to purchase tickets, merchandise and concessions based upon Defendants' false promises. In their original Petition, Plaintiffs purport to represent the following class:

> All Missouri residents who purchased Rams tickets and/or merchandise and/or concession from Defendants between April 21, 2010 and January 4, 2016, in the State of Missouri for personal, family or household purposes.
>
> Excluded from the class are Named Plaintiffs' counsel and their agents. Also excluded from the class are Defendants and any entity in which Defendants have a controlling interest, and Defendant's [sic] legal representatives, heirs and successors.

(Petition, ¶26). Plaintiffs purport to allege a claim for Violation of the Merchandising Practices Act (Count I).

On February 11, 2016, this case was removed from state court to this Court. (ECF No. 1).

On April 8, 2016, Plaintiff filed their First Amended Complaint ("FAC"), ECF No. 26. The putative class in the FAC is defined as:

> All Missouri residents who were Missouri citizens and remained Missouri citizens when this action was commenced who purchased Rams tickets and/or merchandise and/or concessions between April 21, 2010 and January 4, 2016, in the State of Missouri for personal, family or household purposes.
>
> Excluded from the class are Named Plaintiffs' counsel and their agents. Also excluded from the class are Defendants and any entity in which Defendants have a controlling interest, and Defendant's [sic] legal representatives, heirs and successors; the judicial officers assigned to this litigation and members of their staffs and immediate families.

(FAC, ¶34).

On May 10, 2016, the Court granted Plaintiff's Motion to Remand. (ECF Nos. 49, 50). Defendants appealed this decision. The Eighth Circuit remanded this action back to this Court, with the instruction that it consider the impact of two declarations from people who were alleged class members of the original Complaint. These declarants are former Missouri residents who are now citizens of other states. These putative class members' declarations demonstrate that they were residents of Missouri who purchased St. Louis Rams tickets, merchandise, or concessions, and that they were citizens of other states at the time this case was removed. The parties have filed post-remand briefs in support of their respective positions. (ECF Nos. 57, 59).

## DISCUSSION

In support of their Motion to Remand, Plaintiffs argue that Defendants have not demonstrated that minimal diversity exists. (ECF No. 36 at 2).

Defendants argue that minimal diversity under CAFA exists in this case. (ECF No. 43 at 2-3). The St. Louis Rams, LLC is a Delaware limited liability company with its principal place of business in Missouri at the time of removal. The St. Louis Rams Partnership is a former Delaware partnership that had its principal place of business in Missouri. ITB Football Company,

LLC is a Missouri limited liability company with its principal place of business in Missouri. Thus, Defendants claim that each Defendant is a citizen of Missouri, Delaware or both. (ECF No. 43 at 3).

Defendants further state that they have provided affirmative evidence of minimal diversity through declarations from two putative class members. (ECF No. 43 at 4-5). These putative class members declare that they were Missouri residents and made Rams-related purchases during the relevant time period, but subsequently moved out of state to Connecticut and Florida. Therefore, Defendants claim that they have demonstrated that "at least one plaintiff and one defendant are citizens of different states." (ECF No. 43 at 5 (citing *Downing v. Riceland Foods, Inc.*, 298 F.R.D. 587, 590 (E.D. Mo. 2014)).

In their sur-response, Plaintiffs contend that these declarations do not create minimal diversity or federal court subject matter jurisdiction. (ECF No. 57 at 1). Plaintiffs rely on the definition in the FAC, which "clarifies the class definition as all Missouri citizens and therefore the two affiants are not class members and do not create minimal diversity." (ECF No. 57 at 2). Rather, Plaintiffs maintain that this Court must decline to exercise jurisdiction over this case under the local controversy exception of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(4)(A). Plaintiffs rely upon Eighth Circuit opinions in *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015) and *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 804 (8th Cir. 2013) to support their claim that the FAC mandates remand under the local controversy exception.[1]

---

[1] The Court further notes that although Plaintiffs also contend that the Court should apply the local controversy exception, the local controversy exception is irrelevant to Plaintiffs' argument because, if the putative class definition in the First Amended Complaint governs, there is no minimal diversity of citizenship. (ECF No. 59 at 2, n.1).

In their sur-reply, Defendants assert that Plaintiffs' post-removal pleadings cannot divest this Court of subject matter jurisdiction, particularly where the removal is based upon CAFA. (ECF No. 59 at 3-6 (citing *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012) (affirming denial of remand where Plaintiff's "First Amended Complaint redefined her class as consisting of only Missouri plaintiffs, but her original complaint controls this determination, as it was the operative complaint at the time of removal."); *see also Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014) ("Every circuit that has addressed the question has held that post-removal events do not oust CAFA jurisdiction.").

The Court holds that remand is not appropriate in this case. The original, pre-removal Complaint is the relevant complaint to determine whether removal was appropriate. *See Hargis*, 674 F.3d at 790; *see also Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 n. 2 (8th Cir. 2011) (CAFA "jurisdiction continued despite the district court's denial of Plaintiffs' motion for class certification"). Although Plaintiffs try to argue that the FAC—which was filed post-removal—was a mere "clarification," the Court holds that Plaintiffs' revised class definition was an attempt to manipulate the pleadings to divest this Court of federal subject matter jurisdiction. The original Complaint clearly included former Missouri "residents," who are not exclusively Missouri citizens, including the two declarants identified by Defendants. Plaintiffs have provided no Eighth Circuit authority to support their position that post-removal amended pleadings should be assessed in a jurisdictional analysis under CAFA. (ECF No. 59 at 8, n.4). In fact, the cases cited by Plaintiffs, *Hood* and *Cartier*, do not support remand. In *Hood*, the Eighth Circuit found that CAFA jurisdiction existed and reversed the district court's decision to remand the case to state court. *Hood*, 785, F.3d at 265-66. The *Hood* court determined that the plaintiffs failed to set forth evidence that two-third of the class members as of the date of filing the complaint were citizens of the state where the action was pending. *Id.* The *Hood* court stated in dictum that

the plaintiffs could have met this burden by "redefin[ing] the class as only local citizens." *Id.* at 266. However, the *Hood* court supported that proposition with a reference to *In re Sprint Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010). In *Sprint*, the Seventh Circuit suggested that "the plaintiffs could have guaranteed that the suit would remain in state court" if they had "defined their class as all Kansas *citizens* who purchased text messaging from Sprint Nextel or an alleged coconspirator." *Id.* (emphasis in original). Thus, the *Sprint* court made clear that any redefinition of the CAFA class had to occur in state court, not after removal.

Likewise, *Cartier v. Wells* does not support remand. In *Cartier*, the court concluded that federal subject matter existed because the plaintiffs had voluntarily amended their complaint in a manner that caused the parties to have diversity of citizenship. The case was removed to federal court after the dismissal of the nondiverse parties. Thereafter, the plaintiffs filed an amended complaint, adding back the nondiverse parties as defendants. The *Cartier* court relied on *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995) in support of its finding that the plaintiffs' voluntary, diversity-creating amendment conferred federal jurisdiction. In *Humphrey*, the Eighth Circuit noted, "where the removal of an action from state court to federal court may have been improper under 28 U.S.C. § 1441(b), the subsequent amendment of the complaint so as to create a basis for removal jurisdiction does not render the removal issue moot if the amendment was ordered by the district court or was otherwise involuntary." *Humphrey*, 58 F.3d at 1241. Thus, *Cartier* and *Humphrey* stand for the principle that a plaintiff may not rely on a pre-removal complaint, which was drafted to avoid federal jurisdiction, and then voluntarily amend the complaint in a manner that provides for federal jurisdiction. The Eighth Circuit consistently holds that plaintiffs may not manipulate their pleadings post-removal in order to avoid federal jurisdiction.

Based upon this well-established and uncontroverted jurisprudence, the Court holds that Plaintiffs cannot rely upon the FAC to deprive this Court of federal subject matter jurisdiction. The Court must rely on the class definition in the original Complaint, which includes non-minimally diverse plaintiffs who are Missouri residents but not current Missouri citizens. Therefore, the Court denies the motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion and Memorandum in Support of Remand (ECF No. 27) is **DENIED**.

Dated this 29th day of September, 2016.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE